SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for back wages as a teacher for the period August 26 to October 11, 1974. The trial judge has favored us with extensive findings of fact, which are made an appendix to this opinion.
The facts found by the trial judge are borne out by the record. In this court, plaintiff acknowledges that LSA — R.S. 17:461 provides that in the absence of notification that he was discharged he automatically became a regular and permanent teacher, but he contends that it was reasonable for him to believe that after the Assistant Superintendent for Administrative Services recommended his termination a similar recommendation by the Superintendent and action by the School Board terminating his employment would follow as a matter of course and were mere formalities. Thus, he maintains that he was entitled to be notified that they did not terminate him.
We fail to find any support in the law or the facts for plaintiff’s position. As the trial judge noted, plaintiff is an educated person. He was given a copy of the School Board’s personnel hand book which contains provisions practically identical to those contained in R.S. 17:461. Throughout the period of time while the administrative steps were being taken until the final recommendation of the Assistant Superintendent for Administrative Services was made, plaintiff had the benefit of counsel from his Union representative. Yet, plaintiff did not even bother to inquire what happened to this recommendation at the School Board meeting of August 12 even though his whole career depended on the outcome. We have concluded that his impression was totally unreasonable and not at all befitting a person of plaintiff’s intelligence and education.
The circumstances which confront the School Board on the opening day of the school year do not allow for the kind of personal attention which plaintiff seems to require. By trying to reach him by phone at least twelve times for the first five days the School Board did quite enough to determine plaintiff’s intentions. The loss of two months’ pay was his own fault and the judgment dismissing his suit is affirmed.
AFFIRMED.
*475 APPENDIX
THE DISTRICT COURT FOR THE PARISH OF ORLEANS STATE OF LOUISIANA
NO. 580-228 DIVISION “F” DOCKET NO. 4
ERNEST MARKEY, JR. VS. ORLEANS PARISH SCHOOL BOARD
REASONS FOR JUDGMENT
Plaintiff, a teacher with the Orleans Parish public school system, instituted this suit on September 27, 1974, raising several issues, the majority of which have been resolved. The only issue before the court is whether or not plaintiff is entitled to back wages for the period from August 26, 1974 to October 11, 1974.
Plaintiff contends that he is entitled to be paid for said period, based upon a salary of $833.50, paid bi-weekly, because he was during that time a permanent teacher in the employ of defendant.
From the evidence presented the following facts were established:
On August 30, 1971 plaintiff was employed as a probationary teacher for the years 1971-72, 1972-73 and 1973-74. After three years a probationary teacher automatically enjoys the status of a permanent teacher, unless he is discharged or dismissed by written notification from the school board.
As a probationary teacher he was observed by the principal of the school to which he was assigned, and a progress report for the second semester of the 1973-74 school session, submitted by such principal was termed unsatisfactory. As a result thereof the district superintendent, who likewise observed plaintiff’s performance as a teacher, reached the same conclusion and also recommended that he be discontinued from service.
By letter dated June 18, 1974 plaintiff was advised by the assistant superintendent for Personnel, that a recommendation would be made to the Deputy Superintendent, that he be dismissed as a probationary teacher, and by said letter plaintiff was given five days in which to signify his desire for a hearing, and plaintiff did so request a hearing.
The Superintendent then appointed the Assistant Superintendent for Administrative Services to conduct a hearing, which was held on July 2, 1974, with plaintiff, his counsel and representative of the Teacher’s Union being present. The recommendation for dismissal was reviewed and the hearing officer concluded from the information presented to him, that same had merit, and accordingly, he sustained said recommendation that plaintiff’s service be discontinued. Plaintiff was then notified of this action by the hearing officer, with copies of the letter, dated July 11, 1974 being forwarded to his counsel and the Union representatives.
On July 18, 1974 the Assistant Superintendent for Personnel wrote to plaintiff, at his last known address, calling his attention to the letter of July 11th by the hearing officer and his recommendation that plaintiff’s services be discontinued and advising him that as the assistant Superintendent for Personnel, he was likewise recommending to the Superintendent, for action by the Board at its meeting on August 12, 1974 that plaintiff’s services be terminated.
At the meeting on August 12, 1974 the matter of considering the recommendation *476 to terminate plaintiff’s employment was withdrawn.
Since no consideration was given to said recommendation plaintiff was never dismissed, and as of August 30, 1974 his status automatically changed to that of a permanent teacher.
Plaintiff was teaching at Warren Easton High School on June 1st, 1974 and following vacation he should have reported there on August 26, 1974 to commence the new school year. But instead of doing so he filed an application for return of accumulated contributions asserting in said application that his teaching service had been terminated on June 1, 1974 by dismissal from the system. Since the records of the school board reflected that plaintiff was still in the system and never dismissed, the application was not processed.
When plaintiff failed to report to Warren Easton in late August of 1974, more than a dozen attempts were made to reach him by telephone, but to no avail. These attempts to reach plaintiff were made between August 30, 1974 and September 6, 1974, at which time it was assumed that he had quit the system.
This suit was filed on September 27, 1974 and three days later, on September 30, 1974 plaintiff wrote a letter to the Assistant Superintendent for Personnel, which he testified was prepared at his attorney’s office but for his signature. The letter, in the court’s opinion is a poor effort to plead ignorance about not knowing that he was not dismissed as a teacher. Plaintiff is an educated man and certainly knows well the difference between a recommendation of dismissal and a severance from the system, which he testified he was aware could come about only by school board action.
In this letter plaintiff requested that his tenure be recognized and that he be assigned a teaching position immediately. The Assistant Superintendent for Personnel by letter dated October 4, 1974 assigned him to a teaching position at Karr Junior High School, as of October 11, 1974, at a salary of $833.50.
Plaintiff completed his three year probationary period without having received written notification by the school board that he had been discharged or dismissed. He therefore automatically became a regular and permanent teacher in the system, beginning with the 1974-75 school term. His tenure status has been recognized by the school board, he has been assigned to a school and he has been paid since October 11, 1974. For the period from August 26th, 1974 to October 11, 1974 plaintiff is not entitled to compensation. It was encum-bent upon him, since he was always in the system, to report to Warren Easton on August 26, 1974. The school board had no obligation to notify him to so report, the choice to do so or not do so was his alone.
Plaintiff has failed to establish any basis which would legally justify payment to him as a teacher for the period from August 26th, 1974 to October 11, 1974. He wasn’t working and consequently, he wasn’t entitled to be paid.
For the reasons stated, plaintiff’s suit is dismissed at his cost.
New Orleans, Louisiana December 21, 1977
(s) Henry J. Roberts. Jr. JUDGE